## The Paterson Savings Institution

### *v.*

### John Brush and others.

B. gave a mortgage to secure a note of $5,200. He afterwards gave to the mortgagees another note for $5,500, with the privilege of two renewals upon making part payments at each renewal. B. did not request any renewal of the note. After its maturity he paid $1,500 without any directions as to its appropriation, and the mortgagees applied it to the note of $5,200.—*Held*, on foreclosure of the mortgage, that as against a purchaser of the mortgaged premises under a judgment against B., he could not question such appropriation.

Bill to foreclose. On exception to master's report.

*Mr. Griggs*, for the exceptants.

*Mr. H. A. Williams*, for complainants.

*Mr. C. L. Corbin*, for Delaware and Hudson Canal Company.

THE CHANCELLOR.

The only question presented for decision is, whether a payment of $1,500, made by John Brush to the mortgagees, should have been credited on the note for $5,200, secured by the mortgage on which this suit was brought (on which it was, in fact, credited), or on another note for $5,500. The first-mentioned note was made and dated on the 18th of February, 1875, and was payable three months after date. On the 21st of May, 1875, the day when it fell due, $2,000 were paid upon it, leaving $3,200 due. On the 10th of November, 1875, the other note (for $5,500) was made, to secure a loan of that amount made by the complainants to Brush. It was given on the understanding and agreement between him and them that out of the $5,500 to be received by him for it, he should pay $1,200 on the note of $5,200, and he did so accordingly on the next day after the date of the $5,500 note. That note matured on the 13th of February, 1876, and was payable three months from date, November 10th, 1875. There was an agreement between Brush and the complainants, made at the giving of that note, that he should have the privilege of two renewals of three months each, on paying one-third of the $5,500 on each renewal.

On the day before the $5,500 note matured, he paid $500 on account of it, but paid no more money on account of either note until the 22d of April, 1876, when he paid to the complainants $1,500 without making any appropriation whatever of the payment. They, in the absence of any directions from him on the subject, applied it to the older note, the note of $5,200. He now insists that it ought to have been applied to the $5,500 note. He admits that he gave no directions as to the application of the payment, but he relies on the fact that the agreement between him and the complainants provided for renewals on the payment of one-third of the amount of the $5,500 note, and the fact that he told them, as he says, when he paid the $500 on account of that note, that he would, as soon as he could get the

money to do so, pay off one-third of the note, and more, if possible. He never sought a renewal of the note, however, and he appears to have made no claim that the $1,500 were improperly appropriated until this suit was brought, in November, 1876, and he does not, in his answer, directly make the claim, though he does "charge" that there are $2,000 due upon the $5,200 note. Though he was present at an examination in January, 1877, in which the president of the complainants stated that the $1,500 had been applied to the $5,200 note, and exhibited the note with the credit endorsed on it, he not only made no objection to the appropriation, but himself testified that he had paid $3,500 in cash, in addition to the $1,200, on the $5,200 note, thus swearing, in effect, that he had paid the $1,500 on that note.

On the 9th of December, 1876, the defendants, the Delaware and Hudson Canal Company, purchased the mortgaged premises at sheriff's sale, under a judgment recovered by them against Brush, and the property was conveyed to them accordingly. The credit of $1,500 was made, and actually endorsed on the note on the 22d of April, 1876. Mr. Brush's answer was not filed until January, 1877. When the canal company bought the property, they had not, as far as appears, any notice that the propriety of the application of the $1,500 to that note was in anywise to be disputed.

The exception is overruled, with costs.